THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CHESTER L. JONES, Defendant-Appellant.

Third District   No. 3—85—0454

Opinion filed July 25, 1986.

Robert Agostinelli and Kenneth D. Brown, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gerald P. Ursini, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Chester L. Jones, was convicted of criminal damage to property. (Ill. Rev. Stat. 1985, ch. 38, par. 21—1(a).) The trial court sentenced him to a term of 2½ years of probation on the conditions that he pay $1,700 restitution; undergo alcoholism treatment if so recommended by his probation officer; have no contact with his estranged wife, except as necessary to fulfill his visitation rights with his children; and pay the costs of the proceedings. The defendant appeals his conviction and the part of the sentence ordering him to pay restitution of $1,700.

On December 25, 1984, the defendant, angered by an argument with his estranged wife, drove his car into her 1975 Ford, totaling it. He was subsequently charged with criminal damage to property in excess of $300. At trial, the defendant testified that he considered himself to be a co-owner of the Ford, which he and his wife bought while

they were still living together. He stated that they both signed the bill of sale as buyers; for the down payment, he paid $400 in cash and wrote a check for $335; he paid $189 for a new muffler system for the car; and he paid about $200 for repairs after the car was damaged by a fire. The victim testified that she paid $800 of her savings towards down payment on the car; that the defendant's down-payment check for $300 bounced; that the defendant paid $189 for the muffler system; that the defendant paid only $32 of the $332 fire repair bill; that the title was in her name alone; and that she made it clear to the defendant that the Ford was going to be her car and that he was not to "have any part of it."

The defendant first argues on appeal that his conviction must be reversed because the State failed to prove that he had no ownership interest in the Ford.

A person commits the offense of criminal damage to property when he "[k]nowingly damages any property of another without his consent." (Ill. Rev. Stat. 1985, ch. 38, par. 21—1(a).) The defendant contends that "property of another" means a defendant cannot have any ownership interest in the damaged property. Otherwise, according to the defendant, he would be damaging his own property, not someone else's property.

The Fifth District recently decided this issue in a case nearly identical with the instant case. It found that the term "property of another" must be read to impose criminal responsibility on a person who damages another's interest in property, regardless of whether ownership in the property is shared; a person does not have the right, by virtue of part ownership, to harm the interest of another person in that property. *People v. Schneider* (1985), 139 Ill. App. 3d 222, 487 N.E.2d 379.

We agree with the analysis of the *Schneider* court. Here, on the ownership element of the offense, the State only had to prove that the wife had an ownership interest in the car. This, the State proved.

Second, the defendant argues on appeal that the State failed to prove that he knew he was damaging the property of another.

We find that the defendant misinterprets the statute when he argues that "knowingly" modifies "property of another." While there are no reported cases deciding this specific issue, there are cases dealing with the use of the term "knowledge" in other criminal statutes. In *People v. Ivy* (1985), 133 Ill. App. 3d 647, 479 N.E.2d 399, the defendant argued that the offense of unlawful use of weapons required that the State prove that the defendant knew her shotgun was a sawed-off shotgun. The statute in question stated that a person committed the

offense when he knowingly sold, manufactured, purchased, possessed, or carried any shotgun having one or more barrels less than 18 inches in length, sometimes called a sawed-off shotgun. Ill. Rev. Stat. 1983, ch. 38, par. 24—1(a)(7).

The *Ivy* court first noted that the primary rule of statutory construction is to ascertain and give effect to legislative intent. In ascertaining this intent, it considered the entire statute as well as the evil to be remedied and the object to be attained. The court then held that the term "knowledge," in defendant Ivy's case, referred only to her knowledge that she possessed the gun, not to whether she knew that its barrel was less than 18 inches in length. 133 Ill. App. 3d 647, 479 N.E.2d 399.

We agree with the reasoning in *Ivy* and find it applicable here. Legislative intent and the construction of the statute dictate that "knowingly" modifies the next word, "damages," but not "property of another." The defendant admitted that he intentionally damaged the Ford. Accordingly, the State met its burden of proving the requisite element of knowledge.

■ ■ Third, the defendant argues on appeal that the trial court erred when it gave the jury an instruction which did not come from *Illinois Pattern Jury Instructions* (IPI). The trial court instructed the jury that "[p]roperty 'of another' means property in which a person other than the offender has an interest which the offender has no authority to defeat or impair, even though the offender may also have an interest in the property."

The sole function of jury instructions is to convey the correct principles of law applicable to the evidence submitted to the jury, so that the jury may apply the proper legal principles to the facts and arrive at a correct conclusion according to the law and the evidence. (*People v. Dordies* (1978), 60 Ill. App. 3d 621, 377 N.E.2d 245.) The decision whether to give a tendered non-IPI instruction is always within the discretion of the trial court. Instructions should not be given, however, if they do not accurately state the law or if they are misleading or confusing. *People v. Dixon* (1982), 105 Ill. App. 3d 340, 434 N.E.2d 369.

■ With reference to our holding on the defendant's first argument, we find that the trial court's instruction conveyed the correct principles of law involved in this case. The court's decision to give it was not an abuse of discretion.

■ ■ Fourth, the defendant argues on appeal that the restitution order of $1,700 was excessive because it was not based upon the fair market value of the car; it did not take into account the $65 the wife

received when she sold the car; and it did not reflect that the wife had only a one-half interest in the car.

Sentencing is a matter of judicial discretion. Absent an abuse of that discretion, the sentence may not be altered on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Restitution should be determined by using the fair market value of the property at the time the property was damaged or destroyed. *People v. Morrison* (1983), 114 Ill. App. 3d 828, 449 N.E.2d 859.

■■ The evidence before the trial court showed the value of the Ford to be anywhere from $1,275 to $2,000. Noting that this was a wide range, the court ordered the defendant to pay $1,700 in restitution. While this was the cost of the wife's replacement car, it was also well within the estimated value of the old car. We find that the trial court did not abuse its discretion in reaching this figure as the value of the car.

We further find, however, that the trial court did not take into account the $65 the wife received from the sale of the Ford to a junk yard, nor did it properly consider the defendant's interest in the car. We disagree with the court's finding that the car belonged only to the wife. Even the wife's testimony showed that the car was purchased during the marriage with marital funds; that the defendant signed the bill of sale; and that the defendant paid $189 for the muffler system and $32 of the fire-repair bill. We find that the car was therefore marital property in which the defendant had an interest. Ill. Rev. Stat. 1985, ch. 40, par. 503.

■■ In *People v. Schneider,* the appellate court held that the trial court erred by not affording the defendant the right to have the jury consider his ownership interest in the car he was accused of damaging. (*People v. Schneider* (1985), 139 Ill. App. 3d 222, 487 N.E.2d 379.) There, it might have made the difference between a felony and a misdemeanor conviction. While in the instant case the defendant's interest would not have reduced the offense to a misdemeanor, it was error not to deduct his interest in the car from the restitution. Additionally, the $65 the wife received from the sale of the Ford should be deducted from the car's value when determining proper restitution.

Accordingly, we affirm the defendant's conviction, and reverse the restitution order. We remand to the circuit court of Peoria County for redetermination of restitution in accord with our findings.

Affirmed in part; reversed in part; remanded with instructions.

WOMBACHER and HEIPLE, JJ., concur.