THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GONZALO H. MOYA, Defendant-Appellant.

First District (3rd Division)   No. 85—3453

Opinion filed September 7, 1988.

Julius Lucius Echeles, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr.,

and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Following a jury trial, defendant, Gonzalo Moya, was convicted of aggravated battery and attempted murder and sentenced to 19½ years in the Illinois Department of Corrections. On appeal, defendant argues that (1) the prosecutor made improper and prejudicial remarks regarding the absence of defendant's alibi witnesses from defendant's trial; (2) the court erroneously instructed the jury, calling its attention to another shooting in which defendant was not identified as being involved; (3) the court erroneously prevented defendant from introducing evidence corroborative of his alibi defense; (4) evidence concerning alleged gang affiliations of defendant and certain defense witnesses was erroneously introduced; and (5) to the extent that an improper record exists, defendant was deprived of effective assistance of counsel at trial. We reverse and remand for a new trial.

On August 8, 1984, a man with a rifle fired shots at a group of young men. The man with the rifle was riding in the backseat of a car that was later identified as a stolen vehicle. Defendant was identified by several prosecution witnesses as the driver of that car.

Defendant was arrested and charged with aggravated battery and attempted murder of Marco Nieves and Jose Batres. At trial, defendant introduced the testimony of several alibi witnesses who testified that defendant was in their company on a shopping trip at the time of the shooting on August 8. Defendant also attempted to introduce evidence as to why his mother, also an alibi witness, was not present in court. However, the trial court precluded the introduction of any such evidence as irrelevant hearsay.

In closing argument, the prosecutor commented on the absence of defendant's mother from the trial of her son, surmising that defendant's mother "wouldn't get on the stand and lie for him." In reference to defendant's mother and another alibi witness who did not appear in court, the prosecutor stated that "[t]hose people couldn't get on the witness stand and lie for this kid."

At the close of evidence the trial court, among other instructions, instructed the jury as to another shooting in which defendant was an alleged suspect but was never identified as having a connection to that crime. Although there was a directed finding of not guilty as to the counts pertaining to Nieves, the jury returned a verdict of guilty of aggravated battery and attempted murder as to the counts pertaining to Batres. Defendant's motion for a new trial was denied by the trial

court and this appeal followed.

Defendant first contends that the prosecutor's comments regarding the whereabouts of his mother and another alibi witness were improper, prejudicial and therefore reversible error. We agree.

■ A prosecutor's comments cannot be labelled improper if those comments are based upon facts in the record or reasonable inferences drawn from those facts. (*People v. Bryant* (1983), 94 Ill. 2d 514, 447 N.E.2d 301.) Thus, a prosecutor has wide latitude to comment on the evidence presented, the evils of the crime committed and the results that would occur if a defendant were released. (*People v. Jennings* (1986), 142 Ill. App. 3d 1014, 1025, 492 N.E.2d 600, 606.) However, it is improper for a prosecutor to express his own opinion of a defendant's guilt or to argue facts which are not based upon the evidence. (*People v. Johnson* (1987), 119 Ill. 2d 119, 139, 518 N.E.2d 100, 111.) Moreover, a prosecutor's argument must be conducted within the bounds of proper courtroom decorum to insure a defendant's entitlement to a fair trial. Therefore, any remarks that would deprive a defendant of a fair trial cannot be permitted if this rule is to be observed. This is true regardless of a defendant's guilt or innocence. *People v. Savage* (1934), 358 Ill. 518, 522.

■ In the instant case, the prosecutor argued that defendant's mother was not in court because she did not want to lie on his behalf. The prosecutor made these comments well aware of the fact that defendant had been precluded from introducing information as to his mother's whereabouts and that defendant had no means of rebutting this comment within the evidence previously adduced at trial. The State had no means of knowing the subjective reasons as to why defendant's mother as well as any other witness did not appear in court. There was no testimony of record from those witnesses nor any evidence of record as to why they were not in court. Therefore, by no stretch of the imagination can it be said that the prosecutor's comments were a commentary on the evidence presented or reasonable inferences drawn therefrom.

In the State's closing argument the prosecutor stated:

"[S]ome people can't get on the witness stand and lie and won't get on the witness stand and lie. Doesn't it—isn't that a coincidence? Who didn't you hear from? Did you hear from Julio Gonzales? Did you hear from Mrs. Moya? Those people, according to his brother were with him. Did they get on the witness stand? *** Those people couldn't get on the witness stand and lie for this kid. They wouldn't get on the stand and lie for him ***."

As we stated in the recent case of *People v. Nightengale* (1988), 168

Ill. App. 3d 968, 523 N.E.2d 136, when the disregard for bounds of proper argument is clearly flagrant and purposeful, the only logical conclusion is that the comments are made for the sole purpose of prejudicing the defendant. Once again, we reiterate the principle that such behavior has not and will not be tolerated by our courts. (*Nightengale*, 168 Ill. App. 3d at 976, 523 N.E.2d at 142.) Consequently, we find that defendant is entitled to a new trial.

Defendant next argues that the trial court erred in instructing the jury as to defendant's alleged involvement in another shooting offense when defendant was never identified as having any connection to that offense. We agree.

The sole function of jury instructions is to convey the correct principles of law applicable to the evidence submitted to the jury. Jury instructions enable the jury to apply the proper legal principles to the facts and arrive at a correct conclusion according to the law and the evidence. (*People v. Jones* (1986), 145 Ill. App. 3d 835, 838, 495 N.E.2d 1371, 1373.) Thus a trial court should refuse a tendered jury instruction when there is no evidence to support that proffered instruction. *People v. Mitchell* (1985), 136 Ill. App. 3d 205, 208, 482 N.E.2d 1046, 1048.

Here, the instruction reads in part:

"Evidence has been received that the Defendant has been involved in an offense other than charged in the information. This evidence has been received solely on the issue of the Defendant's identification. This evidence may be considered by you only for the limited purpose for which it was received."

However, the evidence received at trial indicated that defendant was never identified as being involved in the offense referred to in the jury instruction. The State argues that the purpose of this instruction was solely for the "identification process of the defendant" and was so limited. We cannot accept this position because such an instruction is highly prejudicial. Moreover, it is difficult to segregate any suspected actual involvement in the offense from the limited purpose of identification. Accordingly, the trial court erred in giving this instruction to the jury.

In light of our decision on the previous issues, we need not address the remaining trial errors raised on appeal by defendant. Accordingly, the judgment of the trial court is reversed and this cause is remanded for a new trial.

Reversed and remanded.

WHITE, P.J., and FREEMAN, J., concur.