THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
REYONDOS TAYLOR, Defendant-Appellant.

Fifth District   No. 5—91—0330

Opinion filed September 2, 1992.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Reyondos Taylor, was charged in the circuit court of St. Clair County with first-degree murder. Defendant, along with his half-brother, Terrance Towns, was accused of the murder of Charles Woodcock, the night manager of the Short Stop convenience store in Fairview Heights. Defendant was convicted after a jury trial and sentenced to 45 years' imprisonment.

At trial, several witnesses testified that they had either seen or spoken to Woodcock, who was working alone, minutes before closing. A search of defendant's mother's house, where the defendant lived, produced a note, found in defendant's bedroom. The note outlined a "plan" to shoot and rob someone, put the body in the victim's car and leave it in the city, and take his stereo, equalizer, and speakers. A search of another residence produced a graphic equalizer, a stereo tuner, and two speakers. Defendant's fingerprints were on the stereo and equalizer, which were identified by Woodcock's brother as belonging to Woodcock. Ballistics experts determined that two bullets taken from Woodcock's body had been fired from a revolver given to police by defendant's mother. The victim's car, which had been burned, was found in East St. Louis.

The note found in defendant's bedroom reads:

"Wednesday's Plan. Get Wardell or somebody to go in around 10:45 with me. And when he go [sic] to the back, Wardell shoot him. And we clean them out. Money, ticket, medium Pampers. Wardell might want some beer. The get away. Take his keys, pull his car up to the door, put him in, clean blood up and lock door and come to city. I'll take stereo, EQ,

speakers. Then leave him and his keys in car on dark street with no fingerprints. And it's over."

Defendant denied writing the note. Police requested that he copy the note, which he did, and when they remarked on the similarity of the handwriting, defendant admitted writing it.

A witness who knew defendant and his half-brother testified that she saw them at the Short Stop store on the evening of the murder, shortly after closing time. She testified that defendant was in the store and jumped back, as if trying to hide. Defendant then came out and told her that Towns wanted her to leave. In a statement to police, defendant stated that Towns had shot Woodcock while he was outside. Defendant indicated that Towns went into the store to talk to Woodcock while defendant waited across the parking lot. He heard a gunshot and went to the front of the store, where he saw Towns shoot Woodcock a second time. Defendant told Towns to come out of the store, but Towns went back in to get the money bag on the counter. Defendant also stated that he and Towns had discussed the robbery several months earlier, at which time they decided that Woodcock would have to be killed because he knew Towns. Defendant further stated that Towns had used their mother's gun. At trial, defendant denied knowing Woodcock and denied telling police that Woodcock was to be shot because he knew Towns and denied that the car and the money bag were taken. Towns admitted that he shot Woodcock in the head twice but claimed that the shooting was accidental.

The jury was instructed that it could find the defendant guilty of first-degree murder based on either intent to kill, knowledge of a strong probability of death or great bodily harm, or felony murder predicated on armed robbery. Defendant tendered instructions on theft from a person and involuntary manslaughter based on Towns' testimony that the shooting was accidental. The trial court gave the involuntary manslaughter instruction but refused to give the theft instruction.

Defendant's only contention on appeal is that the trial court erred in refusing to give his tendered instruction on theft from a person. Defendant maintains that without this instruction, even if the jury believed that Woodcock's death was the result of an accidental shooting, and that the property was taken as an afterthought, its only option was to find him guilty of armed robbery and therefore of felony murder. Defendant contends because his complete theory of defense was that Woodcock was shot accidentally and the money was taken as an afterthought, he was entitled

to an instruction on theft from a person along with the involuntary manslaughter instruction. Defendant argues that although he was not charged with armed robbery, it was the predicate offense for the felony murder charge and theft is a lesser-included offense of armed robbery.

The various districts of the appellate court have been split on this issue, some, including this one, holding that theft is not a lesser-included offense of armed robbery, others holding that it is. Our supreme court recently addressed this issue in *People v. Jones* (1992), 149 Ill. 2d 288, 595 N.E.2d 1071. Following the reasoning of its earlier decision in *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413, and the appellate court's decision in *People v. Romo* (1980), 85 Ill. App. 3d 886, 407 N.E.2d 661, the court held that the information charging Jones with armed robbery sufficiently alleged the requisite conduct and mental states required for the lesser-included offense of theft. The information in *Jones* charged, "[the defendant] took property of Lizzie [*sic*] Harden *** and property of Barbara Clark." (*Jones*, 149 Ill. 2d at 290.) Our supreme court held that this conduct established the conduct elements required for theft. The court also held that the mental states required for theft were implicitly set forth in the armed robbery charge.

■■ ■ The rationale for giving an instruction on a lesser-included offense is that a jury, believing that a defendant is guilty of something but uncertain as to whether the more serious offense has been proved, might convict rather than acquit the defendant of the greater offense. (*Keeble v. United States* (1973), 412 U.S. 205, 36 L. Ed. 2d 844, 93 S. Ct. 1993.) Lesser-included offense instructions are not required in every case but only where the evidence would permit a jury rationally to find the defendant guilty of the lesser offense and acquit him of the greater. However, where the evidence presented in a particular case rationally precludes a finding of guilty on the lesser offense, the lesser-included offense instruction need not be given. (*Bryant*, 113 Ill. 2d at 507, 499 N.E.2d at 417; see also *People v. Castro* (1989), 190 Ill. App. 3d 227, 546 N.E.2d 662.) The present case presents such a situation. Defendant maintains that the jury could have found that the shooting was accidental and the money was taken as an afterthought. There is, however, no evidence to support the latter proposition. Towns testified only that he shot Woodcock twice accidentally, but he did not testify that the money was taken as an afterthought. In fact, both Towns and defendant testified at trial that no money was taken. Furthermore, the evidence of the note found in defendant's bedroom, in his own

handwriting, along with the other evidence, unequivocally demonstrates that defendant and Towns went to the convenience store to rob Woodcock. Where a killing occurs during the commission of an armed robbery, the defendant has committed felony murder regardless of whether the shooting was intentional or accidental. (*People v. McEwen* (1987), 157 Ill. App. 3d 222, 510 N.E.2d 74.) Even if the jury were to believe Towns' testimony that the shooting was accidental, there is nothing to indicate that this was anything but an armed robbery. For the jury to conclude that this was mere theft would have required them to ignore the evidence and engage in mere speculation. While even slight evidence which supports the underlying theory of defense warrants the giving of a lesser-included offense instruction, mere speculation will not. (*People v. Tiller* (1978), 61 Ill. App. 3d 785, 378 N.E.2d 282.) A trial court need not give a lesser-included offense instruction where there is no evidence to support it (*People v. Moya* (1988), 175 Ill. App. 3d 22, 529 N.E.2d 657), and there is no evidence in the present case to support the giving of a theft instruction.

Even assuming, *arguendo*, that the instruction was required by the evidence, refusal to give an instruction is harmless error and does not warrant a reversal where the evidence is so clear and convincing that the jury could not have reasonably found the defendant not guilty. (*People v. Austin* (1989), 133 Ill. 2d 118, 549 N.E.2d 331; *People v. Moore* (1983), 95 Ill. 2d 404, 447 N.E.2d 1327; *People v. Hayes* (1988), 173 Ill. App. 3d 1043, 527 N.E.2d 1342; *People v. Goff* (1985), 137 Ill. App. 3d 108, 484 N.E.2d 414.) A note was found in defendant's bedroom, written by defendant, outlining the plan to rob the convenience store and shoot the victim. Defendant's fingerprints were found on the stereo taken from the victim's car. The gun used to kill the victim belonged to the defendant's mother. Felony murder was only one of the three theories of murder charged. The record clearly demonstrates that there was sufficient evidence to support a conviction on any of the three theories charged. Further, " 'where an indictment contains several counts arising out of a single transaction and a general verdict is returned, the effect is that the defendant is guilty as charged in each count.' " (*People v. Thompkins* (1988), 121 Ill. 2d 401, 455-56, 521 N.E.2d 38, 62, quoting *People v. Lymore* (1962), 25 Ill. 2d 305, 308, 185 N.E.2d 158, 159.) Defendant suffered no prejudice as a result of the trial court's failure to give the theft instruction. (*People v. Lewis* (1976), 37 Ill. App. 3d 870, 346 N.E.2d 377.) Given the overwhelming weight of the evidence, we cannot say that the outcome of the

trial would have been different had lesser-offense instruction been given.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

GOLDENHERSH, P.J., and WELCH, J., concur.