THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY K. BLAN, Defendant-Appellant.

Second District    No. 2—07—0167

Opinion filed June 9, 2009.

454

Thomas A. Lilien and Linda A. Johnson, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip J. Nicolosi, State's Attorney, of Rockford (Lawrence M. Bauer and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Anthony Blan, appeals from his conviction of possession of 30 to 500 grams of cannabis with intent to deliver (720 ILCS 550/5(d) (West 2002)). On appeal, he argues that the State failed to prove his intent to deliver beyond a reasonable doubt and that the trial court committed reversible error by failing to instruct the jury on the lesser offense of possession (without intent to deliver). For the

reasons that follow, we vacate the judgment of the trial court and remand for further proceedings.

Detective Jason Bailey of the Rockford police department was the first witness for the State at defendant's jury trial. He testified that, on the night of May 6, 2003, when he was patrolling an area known to have a high level of illegal drug-related activity, defendant saw his car, turned the opposite direction, and dropped a plastic bag from his pocket onto the ground. The bag was eventually revealed to contain 28.3 grams of a substance including cannabis (along with what a forensic scientist described as "just a few pieces that looked *** like grass clippings from a lawn"). Bailey recalled that he and other officers searched defendant and found four smaller bags (later determined to contain a total of 3.6 grams of a substance containing cannabis), as well as $315 and a cellular telephone. Detective Robert Reffett, who was working with Bailey on the night of defendant's arrest, testified consistently with Bailey's testimony. Reffett also read into the record defendant's written statement to police. The statement read as follows, in pertinent part:

" 'Today I had some extra cash on me ***. I decided to go buy an ounce of weed. I bought the bag for $65. I planned on smoking most of it, but I planned to sell a little bit of it to make some money. I had this girl bag up four nickel bags which I was going to sell and make $20 dollars on.' "

Two more detectives who were on the scene also testified to describe defendant's arrest. Sergeant Marc Welsh of the Rockford police department, who testified as an expert on street-level narcotics sales, stated that a typical quantity of cannabis sold for personal use was one or two grams (worth approximately $10 or $20, respectively) and that "[a] person involved in selling cannabis would buy a larger quantity," such as an ounce (or 28.5 grams), "break it down into gram bags," and "sell those for $10 each." He testified that "[m]ost cannabis users would possess a few grams, most likely broken down into individual gram bags" like the four found on defendant and that a drug user would "[g]enerally not" carry a 28-gram bag of cannabis along with the smaller bags. Welsh concluded that the bags of drugs defendant was found carrying were "indicative of a person involved in selling cannabis," and, when asked to draw a conclusion as to defendant's purpose, based on defendant's statement that he was selling drugs, the quantity of drugs found on defendant, and the cash found on defendant, Welsh stated that those factors were "[d]efinitely consistent with a cannabis dealer." Welsh testified that his conclusion was further supported by the fact that defendant was not found with any drug paraphernalia and thus "had no means for using the drug" he was carrying.

Defendant declined to present any witnesses on his own behalf. During a jury instruction conference, the trial court denied defendant's request that the jury be tendered an instruction allowing it to find that defendant possessed the smaller bags with intent to deliver but possessed the larger bag without intent to deliver. The jury returned a verdict finding defendant guilty of possession of 30 to 500 grams of cannabis with intent to deliver, the trial court sentenced defendant to five years' imprisonment, and defendant timely appeals.

On appeal, defendant first argues that the State presented insufficient evidence to prove his guilt beyond a reasonable doubt. "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Collins*, 106 Ill. 2d 237, 261 (1985). When presented with a challenge to the sufficiency of the evidence, a reviewing court does not retry the defendant. *Collins*, 106 Ill. 2d at 261. Rather, the relevant question for the reviewing court " 'is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Collins*, 106 Ill. 2d at 261, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979).

■ Defendant concedes that the evidence established his possession of all of the cannabis described at trial, but he argues that there was no evidence to prove his intent to distribute the cannabis contained in the larger bag he was carrying at the time of the incident. Our supreme court has observed that "direct evidence of intent to deliver is rare" and thus that "such intent must usually be proven by circumstantial evidence." *People v. Robinson*, 167 Ill. 2d 397, 408 (1995). Types of circumstantial evidence courts have considered as indicating intent include "whether the quantity of controlled substance in the defendant's possession is too large to be viewed as being for personal consumption [citation], the high purity of the drug confiscated [citation], the possession of weapons [citation], the possession of large amounts of cash [citation], the possession of police scanners, beepers or cellular telephones [citation], the possession of drug paraphernalia [citation], and the manner in which the substance is packaged." *Robinson*, 167 Ill. 2d at 408. Defendant notes that several of these factors are not present in this case or are present in lesser degrees than in other cases: defendant was carrying no weapon, the cannabis in the large bag was not packaged for sale, and the $315 defendant was carrying was not necessarily inculpatory. See *People v. Berry*, 198 Ill. App. 3d 24 (1990) (defendant found carrying over $3,000 in three different places on his person); *People v. Friend*, 177 Ill. App.

3d 1002 (1988) (scale, weapons, almost $2,500 in cash, and a much larger quantity of cannabis than is at issue here found at the defendant's residence).[1] Defendant is correct that the evidence of intent to deliver was stronger in the cases he identifies. However, "[w]hether the inference of intent to deliver is sufficiently raised is determined on a case-by-case basis" (*People v. Stewart*, 366 Ill. App. 3d 101, 110 (2006)), and the fact that the evidence of intent here does not have the strength of the evidence deemed sufficient in other cases does not control our result.

■ Although we are not limited to considering only the factors listed in *Robinson*, which were meant as "*examples* of the many factors" that courts might consider as indicating intent to deliver (emphasis in original) (*People v. Bush*, 214 Ill. 2d 318, 327 (2005)), we conclude that the State presented sufficient evidence of the factors listed in *Robinson* to allow a rational jury to conclude in this case that defendant possessed the larger bag of cannabis with intent to deliver, despite his statement to the contrary. Aside from the fact that defendant was carrying no drug paraphernalia to enable him to consume the cannabis personally, the State emphasizes the evidence adduced regarding the quantity of drugs contained in the large bag. As the State notes, the large bag contained over 28 grams of a substance including cannabis, and the State presented expert testimony to establish that such a quantity exceeded by a factor of at least 14 the one- to two-gram amount associated with personal use. See *Robinson*, 167 Ill. 2d at 410-11 ("the quantity of controlled substance alone can be sufficient evidence to prove an intent to deliver beyond a reasonable doubt" where "the amount of controlled substance could not reasonably be viewed as designed for personal consumption"). The State presented further expert testimony that the packaging of the large bag was indicative of intent to deliver. Defendant's only challenge to this testimony is his assertion that the State's expert witness's expertise "did not extend into the area of what most people possess," because he testified as an expert only on "street level narcotics sales." However, we view the witness's expertise on "street level narcotics sales" as including expertise on the quantities and packaging typically associated with such sales and knowledge of the factors that can distinguish whether a person is carrying drugs to sell them or for personal consumption. We conclude that the expert testimony, combined with the quantity of drugs contained in the large bag and

---

[1]Defendant also notes, and we agree, that his possession of a cellular telephone has far less force as evidence of intent to deliver than it might have had when *Robinson* was decided in 1995.

the fact that defendant carried no paraphernalia for personal use of the drugs, provided a sufficient basis for the jury's finding beyond a reasonable doubt that defendant possessed the large bag with intent to deliver.

■ Defendant's second argument on appeal is that the trial court erred in refusing to tender a jury instruction consistent with his theory that he intended to deliver only 3.6 grams of the over 31 grams of cannabis he possessed. The State does not dispute that defendant's proposed instruction described a lesser included offense. As defendant observes in his brief, constitutional notions of due process "require[ ] that a lesser included offense instruction be given when the evidence warrants." *People v. Enoch*, 122 Ill. 2d 176, 200 (1988). However, "[t]he identification of a lesser included offense does not automatically give rise to a correlative right to have the jury instructed on the lesser offense." *People v. Novak*, 163 Ill. 2d 93, 108 (1994), *abrogated on other grounds by People v. Kolton*, 219 Ill. 2d 353 (2006). Rather, "[a] defendant is entitled to a lesser included offense instruction only if the evidence would permit a jury rationally to find the defendant guilty of the lesser included offense and acquit him or her of the greater offense." *Novak*, 163 Ill. 2d at 108. "The amount of evidence necessary to meet this factual requirement, *i.e.*, that tends to prove the lesser offense rather than the greater, has been described as 'any,' 'some,' 'slight,' or 'very slight.' " *Novak*, 163 Ill. 2d at 108-09, quoting *People v. Upton*, 230 Ill. App. 3d 365, 374 (1992), and citing *People v. Willis*, 50 Ill. App. 3d 487, 490-91 (1977).[2]

We hold above that the evidence adduced at trial was sufficient to allow a rational jury to find beyond a reasonable doubt that defendant intended to deliver the drugs contained in the large bag. However, that is not to say that there was not also the "very slight" evidence

---

[2]The parties direct us to authority that splits the above standards into two separate inquiries: (1) whether there was any evidence to support the lesser included offense, in which case the failure to tender the instruction was error; and (2) whether the evidence of the defendant's guilt of the greater offense was so clear and convincing that the jury could not reasonably have found him not guilty. See *People v. Washington*, 375 Ill. App. 3d 243, 249 (2007). Although there appears to be little, if any, functional difference, we follow the single-tiered standard articulated by the supreme court. See also *People v. Soto*, 336 Ill. App. 3d 238, 247 (2002) (noting that the two-tiered approach is likely unsupported by supreme court precedent, but also noting that the approach is analytically consistent with the supreme court's test), *vacated on other grounds by People v. Soto*, 204 Ill. 2d 679 (2003), *& superseded by People v. Soto*, 342 Ill. App. 3d 1005 (2003).

needed to allow the same jury to reach the opposite conclusion. Indeed, the State all but concedes that there was at least very slight evidence, in the form of defendant's confession, to support the theory that he did not intend to deliver the drugs contained in the large bag. The State acknowledges the portions of defendant's confession supporting this theory, and it offers only that those portions of defendant's confession were "self-serving and uncorroborated." The fact that defendant's statement was not corroborated does not cause it to cease to be evidence, and the fact that it was self-serving does nothing to distinguish it from the majority of testimony heard in this (or any) case. We therefore conclude that there was the requisite "very slight" level of evidence supporting defendant's right to the jury instruction and that it was error to refuse to tender the instruction.

The State more earnestly argues that the failure to give defendant's proposed instruction, even if error, must be considered harmless. However, our reading of *Novak* convinces us that the concept of harmless error is inapplicable here. A trial error normally may be deemed harmless, and therefore not sufficient to trigger reversal, where there is no reasonable probability that the jury would have acquitted the defendant absent the error. *In re E.H.*, 224 Ill. 2d 172, 180 (2006), quoting *People v. Nevitt*, 135 Ill. 2d 423, 447 (1990). However, where the error implicates the United States Constitution, the error may not be deemed harmless unless it appears beyond a reasonable doubt that the error did not contribute to the verdict. *People v. Patterson*, 217 Ill. 2d 407, 428 (2005); see *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967). Since the error at issue here is constitutional (see *Enoch*, 122 Ill. 2d at 200), it may be deemed harmless only if there can be no reasonable doubt that the outcome of the trial would not have differed if defendant's instruction had been tendered. In the context of a trial court's refusal to tender a lesser-included-offense instruction, the rule has been restated as providing that a "refusal to give an instruction is harmless error and does not warrant a reversal where the evidence is so clear and convincing that the jury could not have reasonably found the defendant not guilty." *People v. Taylor*, 233 Ill. App. 3d 461, 465 (1992). However, under *Novak*, in order for a refusal to tender a lesser-included-offense instruction to be considered error in the first place, the defendant must establish that there was evidence to support the instruction, such that "a jury rationally [could] find the defendant guilty of the lesser included offense and acquit him or her of the greater offense." *Novak*, 163 Ill. 2d at 108. Thus, what is normally a harmless-error inquiry into whether a rational jury could side with

the defendant is already considered in the question of whether the failure to tender the jury instruction was error in the first place. Having held that there was error based on the idea that a rational juror could have found defendant guilty of only the lesser included offense, we cannot deem that error harmless on the ground that no rational jury could have sided with defendant. See *Hogan v. Gibson*, 197 F.3d 1297, 1312 n.13 (10th Cir. 1999) (the initial inquiry into whether it was error not to tender a lesser-included-offense instruction " 'is very similar to a harmless error analysis' " and the test for harmless error " 'is subsumed in the test [for error] itself' "), quoting *Cordova v. Lynaugh*, 838 F.2d 764, 770 n.8 (5th Cir. 1988), *overruled on other grounds by Vanderbilt v. Collins*, 994 F.2d 189, 195 (5th Cir. 1993). On this point, we depart from precedent that the failure to tender a lesser-included-offense instruction can be error but nevertheless harmless error. See *Washington*, 375 Ill. App. 3d at 249; *Taylor*, 233 Ill. App. 3d at 465.[3]

We find reversible error in the failure to tender a jury instruction consistent with defendant's theory that he possessed only 3.6 grams of cannabis with intent to deliver and possessed the remainder without intent to deliver, and we must therefore vacate defendant's conviction. Because we have held above that the State presented sufficient evidence to establish defendant's guilt, we conclude that retrial on remand would not offend defendant's constitutional protection against double jeopardy. See *People v. Taylor*, 76 Ill. 2d 289, 309 (1979).

---

[3]*Taylor* cited four cases, including two supreme court cases, as support for its statement that harmless error could apply to a refusal to tender a lesser-included-offense instruction. See *Taylor*, 233 Ill. App. 3d at 465. Of those cases, the two appellate court cases dealt with jury instructions on matters other than lesser included offenses. See *People v. Hayes*, 173 Ill. App. 3d 1043 (1988) (instruction on voluntary intoxication); *People v. Goff*, 137 Ill. App. 3d 108 (1985) (instruction on witness's refusal to speak with opposing counsel before trial). In the first supreme court case, *People v. Austin*, 133 Ill. 2d 118 (1989), the supreme court held that, since there was no evidence to support a lesser-included-offense instruction, the defendant suffered no prejudice from the trial court's refusal to tender one. The supreme court did not split the instruction-error and harmless-error inquiries. In the second supreme court case, *People v. Moore*, 95 Ill. 2d 404 (1983), the supreme court assumed error *arguendo* and held that any error was harmless. *Moore*, 95 Ill. 2d at 410 ("if it was error, it was harmless error"). Thus, none of those cases are relevant to the question of whether an erroneous failure to tender a jury instruction on a lesser included offense may be deemed harmless, and we need not address them further.

For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Vacated and remanded.

JORGENSEN and HUDSON, JJ., concur.