463 P.2d 102

John O. GRAHAM, Commissioner, Department of Public Welfare, State of Arizona, and Department of Public Welfare, State of Arizona, Appellants,

v.

William Daniel ALLEN, Appellee.

No. 2 CA–CIV 765.

Court of Appeals of Arizona.

Jan. 8, 1970.

Rehearing Denied Feb. 4, 1970.

Review Denied March 10, 1970.

208

Gary K. Nelson, Atty. Gen., by Peter Sownie, Asst. Atty. Gen., Phoenix, for appellants.

Anthony B. Ching, Tucson, for appellee.

KRUCKER, Judge.

Petitioner-appellee, William D. Allen, applied for Old Age Assistance to the Pima County Welfare Department and it was denied. The denial was sustained by the hearing board of the State Department of Public Welfare, respondent-appellant. Petitioner then filed a petition for a Writ of Certiorari in superior court. The court granted the writ holding the denial of assistance was improper. Respondent appeals that determination.

This case come to us following our decision in Allen v. Graham, 8 Ariz.App. 336, 446 P.2d 240 (1968). We held there that a writ of certiorari was the appropriate remedy of review in welfare cases.

The trial below was held on a stipulated set of facts. A.R.S. § 46–252, subsec. 7(c), as amended, provides that welfare benefits will be granted when the applicant does not have resources in excess of:

> "Homestead property in which such person resides and the land contiguous thereto, which has a fair market value not in excess of eight thousand dollars." [1]

Petitioner was denied assistance for the sole reason that he owns a home in joint tenancy with his sister valued at $8,442.00.

The sole issue presented here is whether attributing to a joint tenant all the value of property owned in joint tenancy is contrary to law, and whether the trial judge erred in finding the Department exceeded its jurisdiction in so determining.

The ownership of property by joint tenancy originally derives from the common law. Fundamentally, it is a way two or more persons take and hold property as if they were one person. There are four requirements to establish this relationship. All tenants must acquire their interest from the same source, they must each have identical shares, they must all take at the same time and the possession of each is the possession of all. 20 Am.Jur.2d Cotenancy and Joint Ownership § 4. Each person owns an individual whole and if any tenant dies, the other remaining survivors hold the totality as before.[2]

A.R.S. § 46–252, as amended, sets forth the limits of resources which an applicant can own and still receive Old Age Assist-

---

1. A.R.S. § 46–101, subsec. 7, as amended, defines "homestead property" as a home owned and occupied by applicant.

2. This feature is limited in Arizona by A.R.S. § 14–204.

ance. In particular, it sets an $8,000 ceiling on the applicant's dwelling house. The essential question here is whether or not the applicant's interest in his home should, for welfare purposes, be evaluated as the whole amount on the house because he holds it as a joint tenant, or whether it should be evaluated at half that amount.

 The Welfare Department contends that the very essence of joint tenancy is its unities and that since applicant owns the whole, his interest should be monetarily so valued. Petitioner, to the contrary, points out that the unities of joint tenancy, while directed at assuring a special form of property ownership, are not necessarily perpetuated for other purposes. He points out the following. A joint tenant has a right to lease his proportionate interest. 20 Am.Jur.2d Cotenancy and Joint Ownership § 17; he has a right to contribution from other joint tenants for expenditures made for all, Giles v. Sheridan, 179 Neb. 257, 137 N.W.2d 828 (1965); he has a qualified right to rents, profits and accounting, Annot., 51 A.L.R.2d 388 (1957). An individual interest of one joint tenant is subject to levy and sale upon execution. Frederick v. Shorman, 259 Iowa 1050, 147 N.W.2d 478 (1966); Powell on Real Property § 618. The tax law recognizes the actualities of joint tenancies and in estate, gift and income tax statutes the loopholes have been ended. Powell, supra § 619.

We do not believe the welfare statute was designed to perpetuate or derogate from the principles of joint tenancy. It was designed to set economic requirements for applicants to receive assistance. For welfare purposes, there should be as realistic and practical an evaluation of the applicant's resources as possible without regard to the technicalities of bare title. We believe the applicant here, in actual value, owns an interest equivalent to one half the house's value and that he consequently is not disqualified from receiving Old Age Assistance under A.R.S. § 46-252, subsec. 7(c), as amended. We believe

this conforms with the aims of the Social Security Act that a resource should be that which is actually available for meeting the essentials of living. 42 U.S.C.A. § 301 et seq. The trial court correctly determined the department had exceeded its jurisdiction, Jones v. Lopez Plascencia, 10 Ariz.App. 253, 458 P.2d 120 (1969).

Judgment affirmed.

HATHAWAY, J., and BEN C. BIRDSALL, Superior Court Judge, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge BEN C. BIRDSALL was called to sit in his stead and participate in the determination of this decision.