[No. F008405. Fifth Dist. Nov. 20, 1987.]

THE PEOPLE, Plaintiff and Appellant, v.
KARLA KAY KAHANIC, Defendant and Appellant.

COUNSEL

Miller, Van Petten & Blau and Peter Van Petten for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Robert D. Marshall, Michael J. Weinberger and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WOOLPERT, Acting P. J.**—While driving her silver Corvette, defendant was seen near a residence where her husband was visiting another woman.

Failing to gain entry to the building, she drove away and stopped at a bar where she tried unsuccessfully to buy a bottle of beer. She acquired a bottle elsewhere. Later, a car like hers was again seen in the vicinity of where her husband was visiting. Their community property Mercedes Benz, parked by the husband, remained in front of his friend's residence. The driver tossed a bottle of beer from the Corvette. It went through the rear window of the Mercedes. Defendant's arrest and conviction of violating Penal Code section 594, subdivision (b)(3), vandalism, followed.[1]

This marital misadventure took place near the conclusion of dissolution proceedings involving defendant and her husband. However, the Mercedes was still community property. As her defense, defendant ultimately claimed she could not "vandalize" her own property. Defendant unsuccessfully argued her claim in the municipal and superior courts. Following proper appellate procedure, she now seeks review of her misdemeanor conviction in this court.

We are well aware that conduct of this kind may be better resolved in family law courts than by criminal prosecution. ■ Nevertheless we conclude the community property status of the Mercedes automobile did not preclude the application of criminal law which refers to personal property "not his own," as the property damaged by the criminal act.

The vandalism statute does not distinguish between personal property of significant value, such as a Mercedes or Corvette, and property of trivial worth, as in the case of many community property items. As a result, criminal sanctions involving spousal damage to community property may appear to be disparately invoked. However, because defendant was given probation we need not consider particular penal consequences.

Section 594, subdivision (a), provides: "(a) Every person who maliciously (1) defaces with paint or any other liquid, (2) damages or (3) destroys any real or personal property *not his own,* in cases otherwise than those specified by state law, is guilty of vandalism." (Italics added.)

■ The phrase "not his own" has survived numerous amendments (Stats. 1974, ch. 582, § 1, p. 1403; Stats. 1977, ch. 165, § 8, p. 642; Stats. 1979, ch. 200, § 1, p. 445; Stats. 1982, ch. 1413, § 3, p. 5402; Stats. 1984, ch. 1432, § 3, p. 5022; Stats. 1985, ch. 781, § 1, p. 2520.) including one which

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

revised and combined the section with another section dealing with defacement. (Stats. 1979, ch. 200, § 1, p. 445; see also Legis. Counsel's Dig., Sen. Bill No. 71, 4 Stats. 1979 (Reg. Sess.) Summary Dig., p. 55.)

"Own" has been defined as follows: "Following the possessive, usually of a possessive pronoun, it [own] is used as an intensive to express ownership, interest, or individual peculiarity with emphasis, or *to indicate the exclusion of others*." (67 C.J.S., Own, p. 926, fn. omitted, italics added.) In section 594, "own" is an intensive; the section would make complete sense if "own" was omitted.

■ There is no dispute the Mercedes was community property. Civil Code section 5105 provides: "The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and *equal interests*. This section shall be construed as defining the respective interests and rights of husband and wife in community property." (Italics added.)

■ Neither party cites a case on point, and we have found none. However, Vehicle Code section 10851 also includes "not his own" in its definition of theft and unlawful taking of an automobile. In discussing the proof of ownership required under that section, this court looked, in part, to evidence of exclusive dominion and control. (See *People* v. *Clifton* (1985) 171 Cal.App.3d 195, 200-201 [217 Cal.Rptr. 192].) The notion of exclusivity is helpful, especially in light of the "equal interests" definition of community property in Civil Code section 5105.

By way of analogy, the Attorney General directs us to *People* v. *Sobiek* (1973) 30 Cal.App.3d 458 [106 Cal.Rptr. 519, 82 A.L.R.3d 804], certiorari denied 414 U.S. 855 [38 L.Ed.2d 104, 94 S.Ct. 155]. ■ In *Sobiek,* the court held a partner could be guilty of embezzling or stealing partnership property. (*Id.* at pp. 462, 468.) The court reasoned: "It is both illogical and unreasonable to hold that a partner cannot steal from his partners merely because he has an undivided interest in the partnership property. Fundamentally, stealing that portion of the partners' shares which does not belong to the thief is no different from stealing the property of any other person." (*Id.* at p. 468.)

*Sobiek* is now the settled law of this state. (*People* v. *Pedersen* (1978) 86 Cal.App.3d 987, 993 [150 Cal.Rptr. 577]; *People* v. *Smith* (1984) 155

Cal.App.3d 1103, 1142 [203 Cal.Rptr. 196]; *People* v. *Mellor* (1984) 161 Cal.App.3d 32, 38 [207 Cal.Rptr. 383]; see also Annot., Embezzlement, Larceny, False Pretenses, or Allied Criminal Fraud by a Partner (1978), 82 A.L.R. 3d 822; Note, *People* v. *Sobiek: Punishing the Embezzling Partner* (1974) 25 Hastings L.J. 1266; 1 Witkin, Cal. Crimes (1985 Supp.) § 380, pp. 381-382.)

It was once thought, based upon dicta from *People* v. *Foss* (1936) 7 Cal.2d 669 [62 P.2d 372], that since each partner owned an undivided interest in all the partnership property, a partner could not be guilty of embezzling from the partnership. (*People* v. *Sobiek, supra,* 30 Cal.App.3d at pp. 464-465; *People* v. *Pedersen, supra,* 86 Cal.App.3d at p. 993.)

The *Sobiek* court noted the language of the Model Penal Code and its use of the phrase "property of another." (*People* v. *Sobiek, supra,* 30 Cal.App.3d at pp. 466-467.) Specifically, the Model Penal Code provides: " '[P]roperty of another' includes property in which any person other than the actor has an interest which the actor is not privileged to infringe, regardless of the fact that the actor also has an interest in the property and regardless of the fact that the other person might be precluded from civil recovery because the property was used in an unlawful transaction or was subject to forfeiture as contraband. Property in possession of the actor shall not be deemed property of another who has only a security interest therein, even if legal title is in the creditor pursuant to a conditional sales contract or other security agreement." (Model Pen. Code, § 223.0, subd. (7).) A similar definition is found in the arson definitions: "Property is that of another, for the purposes of this section, if anyone other than the actor has a possessory or proprietary interest therein." (Model Pen. Code, § 220.1, subd. (4).)

In Wharton's treatise on criminal law, section 594 is noted in the discussion of malicious mischief, and it appears "not his own" is treated synonymously with "of another." "To constitute malicious mischief, the property injured or destroyed must be the property of another. Property is deemed to be that of another if 'any person or government other than the actor has a possessory or proprietary interest' therein. It is not open to a defendant to challenge the validity of a victim's title or the rightfulness of his possession." (4 Wharton's Criminal Law (14th ed. 1981) Malicious Mischief, § 490, p. 96, fns. omitted.)

This logic is sound. The *Sobiek* court considered the nature of a partnership and how title to its property is held. The court recognized the occasional view that a partnership is an entity, particularly for procedural purposes,

and the contrasting theory that the partnership is merely a group of individuals organized for business purposes with title to partnership property held as tenants in common. (*People* v. *Sobiek, supra,* 30 Cal.App.3d at pp. 466-468; cf. Corp. Code, § 15025.)

It is true *Sobiek* was concerned only with partnership interests which, though similar in some respects, are not identical to community property ownership. However, the *Sobiek* court did not condition its views on the argument that partnership property is owned by the partnership, not the partners. If it had, the court would have merely stated the embezzlement was of property owned by the partnership and that the partners' ultimate interests were of insufficient present consequence to protect the defendant against criminal prosecution.

Instead, the court emphasized the American Law Institute's view that civil law notions were irrelevant. ■ The court noted the institute's conclusion that the effort of the criminal law is "to deter deprivations of other people's economic interests." (*Id.* at p. 466.) We agree. ■ Whether the statute refers to property "not his own," or "property of another," the sense of the descriptive words excludes criminality only when the actor-defendant is involved with property wholly his or her own.

■ It is of no consequence defendant wife may have had a community property right to share possession of the Mercedes. We do not determine this issue based on the husband's possession of the car at the particular time. The criminal wrong may occur irrespective of who physically "possessed" the Mercedes when the act occurred. The essence of the crime is in the physical acts against the ownership interest of another, even though that ownership is less than exclusive. (*People* v. *Stanford* (1940) 16 Cal.2d 247, 251 [105 P.2d 969].) ■ Spousal community property interests are no longer "mere expectancies," as they were for a married woman many years ago. (*People* v. *Swalm* (1889) 80 Cal. 46, 49.) Each community property owner has an equal ownership interest and, although undivided, one which the criminal law protects from unilateral nonconsensual damage or destruction by the other marital partner.

Section 4 states: "The rule of the common law, that penal statutes are to be strictly construed, has no application to this Code. All its provisions are to be construed according to the fair import of their terms, with a view to the effect its objects and to promote justice." Construing the ownership

element of section 594 to include community property in this fashion is not inconsistent with the rule of section 4.

The judgment is affirmed.

Ballantyne, J., and Ivey, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.