**STATE of Iowa, Appellee,**

v.

**Tommy Lee ZEIEN, Appellant.**

No. 92–747.

Supreme Court of Iowa.

Sept. 22, 1993.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Chris Odell, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Jerry Vander Sanden, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and LAVORATO, JJ.

LARSON, Justice.

Tommy Lee Zeien was convicted of criminal mischief, Iowa Code § 716.1 (1991), for damaging contents in the home of his estranged wife, Judy. He appealed, claiming that as a matter of law section 716.1 does not cover damage to marital property. The district court rejected this argument, and so do we.

The facts are largely undisputed. On July 13, 1991, shortly after Judy filed a dissolution petition, Zeien entered her home and damaged or destroyed a water bed, two television sets, video recorder, refrigerator, clock, and microwave. He punched holes in the walls and stained the carpet. He admitted he did it out of anger.

Iowa Code section 716.1 defines criminal mischief as "[a]ny damage, defacing, alteration, or destruction of tangible property ... when done intentionally by one who has no right to so act." Zeien argues that, because he had an ownership interest in the property, he had the "right to so act" under section 716.1.

Zeien relies first on the principle that criminal statutes must be strictly construed in favor of the defendant. *See State v. Koplin*, 402 N.W.2d 423, 425 (Iowa 1987). He also claims that policy reasons support his argument: if destruction of marital property is prohibited by section 716.1, a spouse cleaning out a closet and destroying some of its contents might be subject to criminal liability.

Under general property law, when married persons own property together each has "a separate, distinct and undivided interest in all of the property so held." *In re Estate of Rogers*, 473 N.W.2d 36, 40 (Iowa 1991). In *State v. Mann*, 463 N.W.2d 883, 884 (Iowa 1990), we held that possessing some of the rights of ownership (in that case as a tenant) does not include the right to maliciously damage the property. Certainly, one's spouse does not have the right to sell or lease the property of the other. *See*

*Chamberlain v. Brown*, 141 Iowa 540, 552, 120 N.W. 334, 339 (1909). The district court, in a jury-waived trial, found that Judy and the defendant were each half owners of the property.

 While it is true that criminal statutes are to be construed in favor of the defendant, we apply the rule of reasonable construction and will not construe them to defeat their plain terms. *State v. Hatter*, 414 N.W.2d 333, 337 (Iowa 1987). In this case, the statute clearly applies to property that the actor has no "right" to damage. The wording of the statute, as well as public policies of preventing domestic violence and damage to property generally, suggests that the statute should apply to marital property as well as any other.

Cases from other jurisdictions have reached similar results. *See, e.g., People v. Kahanic*, 196 Cal.App.3d 461, 466, 241 Cal. Rptr. 722, 725 (1987) (marital property interest through community property law); *People v. Schneider*, 139 Ill.App.3d 222, 224–25, 93 Ill.Dec. 712, 713–14, 487 N.E.2d 379, 380–81 (1986).

As the court in *Kahanic* stated,

[t]he essence of the crime is in the physical acts against the ownership interest of another, even though that ownership is less than exclusive. Spousal community property interests are no longer "mere expectancies" as they were for a married woman many years ago. Each community property owner has an equal ownership interest and, although undivided, one which the criminal law protects from unilateral nonconsensual damage or destruction by the other marital partner.

*Kahanic*, 196 Cal.App.3d at 466, 241 Cal. Rptr. at 725 (citations omitted).

Whatever the rationale was for the antiquated concept of "conjugal unity" under which a spouse is believed to be the owner of the other's property, and which arguably gave the actor the "right" to damage it, we reject such a theory here.

The specter of prosecution for the destruction of marital property through unintentional acts such as house cleaning, we believe, does not provide a sufficient justification for excusing intentional destruction of property. Prosecution for an accidental act of property destruction should be no more likely than an assault prosecution arising out of an accidental physical injury to one's spouse. Both types of criminal act require intent, and we rely on the good judgment of prosecutors and fact finders at trial to sort out the intentional cases from the unintentional ones.

In *Mann*, the defendant argued, along a similar line, that prosecutors might seek to criminalize a tenant's minor acts of damage commonly covered by security deposits. We said

we are not persuaded that the nature of the landlord/tenant relationship presents such opportunity for abuse of the criminal process that we must infer the legislature intended to exempt tenants from the reach of the criminal mischief statute. Had the legislature meant to carve out such an exception, we think it would have said so. Common sense would suggest that mere status as a tenant should not immunize a person from the laws protecting tangible property from criminal abuse.

*Mann*, 463 N.W.2d at 885.

We do not attribute an intent to the legislature to exempt from section 716.1 the intentional acts of a defendant toward property owned by a spouse. The trial court properly ruled that the damage was covered by section 716.1, and substantial evidence supports that finding.

**AFFIRMED.**