936 P.2d 558

STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Susan R. Bolton, a judge thereof, Respondent Judge,

Scott MOORE, Real Party in Interest.

No. 1 CA–SA 96–0336.

Court of Appeals of Arizona, Division 1, Department E.

April 3, 1997.

Roderick G. McDougall, Phoenix City Attorney by Michael Norville, Assistant City Prosecutor, Phoenix, for Petitioner.

Scott Moore, Scottsdale, in pro. per.

OPINION

WEISBERG, Judge.

The State of Arizona on behalf of the City of Phoenix (the City) petitions this court to accept special action jurisdiction and reinstate Scott Moore's municipal court conviction for criminal damage. For the following reasons, we accept jurisdiction and grant relief.

FACTUAL AND PROCEDURAL HISTORY

Moore was convicted of assault and criminal damage in Phoenix Municipal Court. The charges arose out of an incident in which Moore assaulted his wife and broke down the door of their home. The home was owned in joint tenancy by both Moore and his wife. On appeal to the superior court, the assault conviction was affirmed, but the criminal damage conviction reversed. The superior court found that, because Moore had an ownership interest in the home, he had not defaced or damaged "the property of another person" as required by Ariz.Rev.Stat.Ann. (A.R.S.) section 13–1602(A)(1). The City now seeks special action review.

JURISDICTION

Because this case originated in municipal court, the direct appeal was taken to superior court. A.R.S. § 22–371(A). Neither Moore nor the state has any further right to appeal, see A.R.S. § 22–375, and special action is the only means by which further review may be

obtained, *see State v. Superior Court,* 179 Ariz. 343, 344, 878 P.2d 1381, 1382 (App. 1994). Nevertheless, our acceptance of jurisdiction remains discretionary. *Id.* Because there is no Arizona precedent controlling the issue in this case, we accept jurisdiction.

## DISCUSSION

■ The issue here is whether property in which the defendant holds a joint tenancy interest can be "the property of another person" for purposes of A.R.S. section 13–1602. A.R.S. section 13–1602(A)(1) defines criminal damage as "recklessly ... [d]efacing or damaging the property of another person." But "property of another person" is not defined in either the general definitions section of Title 13, *see* A.R.S. § 13–105, or the definition section that is specific to Title 13, chapter 16, *see* A.R.S. § 13–1601.

When interpreting statutory language, "[w]e give words their usual and commonly understood meaning unless the legislature clearly intended a different meaning." *State v. Korzep,* 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990). "The usual and commonly understood meaning of 'another' is 'different or distinct from the one first named or considered.'" *Id.* (*quoting* Webster's Third New Int'l Dictionary 89 (1976)). In this case, we are concerned with the *property of* another. Accordingly, if Moore's wife held a property interest in the home that was different or distinct from that held by Moore, then we must conclude that he damaged the property of another person.

■ Moore and his wife owned their home in joint tenancy. Joint tenants hold an equal, undivided interest in the subject property. *See Graham v. Allen,* 11 Ariz.App. 207, 208, 463 P.2d 102, 103 (1970). Married joint tenants are not agents of one another and each holds his or her ownership interest as separate property. *Ferree v. City of*

*Yuma,* 124 Ariz. 225, 227, 603 P.2d 117, 119 (App.1979). Separate property is subject to management, control, and disposition by only its sole owner. *Id.* at 227–28, 603 P.2d at 119–20. Accordingly, Moore's wife had an undivided, separate property interest in the house that was not subject to the management, control, or disposition of Moore. We therefore conclude that, because Moore damaged property that was owned, in part, by another person, he damaged the "property of another person" within the meaning of A.R.S. section 13–1602(A)(1).

Our conclusion is supported by the only other three states that have considered the issue. In all three cases, when interpreting a statute that lacked a precise definition of "property of another" or a similar term, the courts have held that the term included any property in which the defendant had anything less than exclusive ownership. *See State v. Zeien,* 505 N.W.2d 498, 499 (Iowa 1993); *People v. Kahanic,* 196 Cal.App.3d 461, 241 Cal.Rptr. 722, 725 (1987); *People v. Schneider,* 139 Ill.App.3d 222, 93 Ill.Dec. 712, 713–14, 487 N.E.2d 379, 380–81 (1985). All three courts concluded that the protection of the victim's property interest was the policy behind the statute, and that a joint owner's property interest is no less compelling merely because it is shared with the defendant. *See Zeien,* 505 N.W.2d at 499; *Kahanic,* 241 Cal.Rptr. at 725; *Schneider,* 93 Ill.Dec. at 713–14, 487 N.E.2d at 380–81.

The Model Penal Code lends similar support. Under the Model Penal Code, the offense of criminal mischief,[1] is the equivalent to the offense of criminal damage in Arizona. Comment three to section 220.3 provides that "property of another" should be defined "to include property 'in which any person other than the actor has an interest in which the actor is not privileged to infringe, regardless of the fact that the actor also has an interest in the property[.]" (quoting Model Penal Code § 223.0(7)).

---

1. Section 220.3 of the Model Penal Code provides in part:
   A person is guilty of criminal mischief if he ... damages tangible property of another purpose-

ly, recklessly, or by negligence in the employment of fire, explosives or other dangerous means[.]

## CONCLUSION

For the foregoing reasons, we conclude that Moore damaged the "property of another" for the purposes of A.R.S. section 13–1602(A)(1). We therefore reverse the decision of the superior court and reinstate Moore's conviction for criminal damage.

KLEINSCHMIDT and VOSS, JJ., concur.