■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PERSON, Appellant. [658 NYS2d 372] —Appeal by the defendant from a judgment of the County Court, Nassau County (Palmieri, J.), rendered March 24, 1995, convicting him of burglary in the first degree (two counts), unlawful imprisonment in the first degree, burglary in the second degree, criminal contempt in the second degree (two counts), criminal mischief in the fourth degree (two counts), petit larceny, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by (1) reversing the defendant's convictions for (a) criminal mischief in the fourth degree under the fifth and eleventh counts of the indictment, and (b) petit larceny under the tenth count of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment, and (2) reducing the defendant's conviction for burglary in the second degree under the eighth count of the indictment to criminal trespass in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for resentencing on the defendant's conviction for criminal trespass in the second degree.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary

in the first degree (two counts) beyond a reasonable doubt *(see,* Penal Law § 140.30 [2], [3]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence (CPL 470.15 [5]). Contrary to the defendant's contention, there is sufficient evidence in the record demonstrating that he intended to commit a crime upon his entry into the complainant's dwelling on October 24, 1993 *(see, People v Clemins,* 158 AD2d 854). The defendant did not preserve for appellate review his contention that the People failed to establish physical injury beyond a reasonable doubt *(see,* CPL 470.05 [2]). In any event, the defendant's contention is without merit. There is sufficient evidence in the record to demonstrate that the complainant suffered "substantial pain" (Penal Law § 10.00 [9]; *see, People v Carter,* 219 AD2d 732; *People v Thomas,* 195 AD2d 581; *People v Powell,* 181 AD2d 924).

The defendant's further contention that the People failed to prove that he committed the crime of unlawful imprisonment in the first degree beyond a reasonable doubt, is also unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes, supra),* we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Logan,* 198 AD2d 439; *People v Vasquez,* 191 AD2d 659). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The People, however, failed to adduce legally sufficient evidence to support the defendant's convictions of criminal mischief in the fourth degree (Penal Law § 145.00) and petit larceny (Penal Law § 155.25). Proof that the property which was damaged or stolen is owned by a person other than the defendant is an essential element of both criminal mischief in the fourth degree and petit larceny *(see, People v Schmid,* 124 AD2d 896, 897; *People v Kittel,* 36 AD2d 730). Because the defendant had an equitable interest in the items he was charged with damaging or stealing *(see,* Domestic Relations Law § 236 [B] [1] [c]; *O'Brien v O'Brien,* 66 NY2d 576, 583, 586), he could not be charged with these crimes *(see,* Penal Law § 155.00 [5]; *see also, People v Zinke,* 76 NY2d 8). Therefore, the defendant's convictions of criminal mischief in the fourth degree (two counts) and petit larceny must be reversed, those counts of the indictment dismissed, and the sentences imposed thereon vacated.

The People also failed to adduce legally sufficient evidence to

support the defendant's conviction of burglary in the second degree in connection with the incident which occurred on January 27, 1994. In order to establish the defendant's guilt of burglary in the second degree the People must prove that the defendant entered a dwelling unlawfully with an intent to commit a crime therein *(see,* Penal Law § 140.25 [2]). This offense cannot be established by evidence that the defendant entered the dwelling to commit criminal mischief or petit larceny in light of our determination to reverse the defendant's convictions for these crimes. Moreover, it cannot be reasonably inferred from the evidence that the defendant intended to commit any other crime when he entered the complainant's residence on January 27, 1994, in order to establish the defendant's guilt of burglary in the second degree. However, the evidence was legally sufficient to establish criminal trespass in the second degree *(see,* Penal Law § 140.15). Accordingly, the defendant's conviction for burglary in the second degree is reduced to criminal trespass in the second degree and the matter is remitted to the County Court, Nassau County, for resentencing on this count.

The defendant's sentence was neither excessive *(see, People v Suitte,* 90 AD2d 80), nor unconstitutional *(see, People v Jones,* 39 NY2d 694; *People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]), and we decline to reach them in the exercise of our interest of justice jurisdiction. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.