**UNITED STATES**

v.

**Airman First Class Gary M. DELOSO,
United States Air Force.**

**ACM 34208.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 27 June 2000.

Decided 6 Sept. 2001.

Appellate Counsel for Appellant: Colonel James R. Wise, Lieutenant Colonel Timothy W. Murphy, and Captain Shelly W. Schools.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Major Lance B. Sigmon, and Captain Christa S. Cothrel.

Before YOUNG, BURD, and PECINOVSKY, Appellate Military Judges.

## OPINION OF THE COURT

BURD, Senior Judge:

On 27 June 2000, the appellant was tried by general court-martial composed of a military judge sitting alone at Wright Patterson Air Force Base (AFB), Ohio. Consistent with his pleas, he was found guilty of failure to go to his appointed place of duty, in violation of Article 86, UCMJ, 10 U.S.C. § 886, four specifications of willful damage to private property, in violation of Article 109, UCMJ, 10 U.S.C. § 909, one specification of multiple wrongful uses of marijuana and two specifications of single wrongful uses of marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, two specifications of reckless

endangerment, in violation of Article 134, UCMJ, 10 U.S.C. § 934, and one specification under an additional charge of multiple possessions of marijuana, in violation of Art. 112a, UCMJ. Under the terms of a pretrial agreement (PTA), the prosecution did not go forward on four other allegations. The military judge sentenced the appellant to a bad-conduct discharge, confinement for 18 months, forfeiture of $500 pay per month for 15 months, and reduction to E–1. The convening authority, in accordance with the PTA, approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 18 months, and reduction to E–1. He also waived automatic forfeitures under Article 58b, UCMJ, 10 U.S.C. § 858b.

The appellant now raises for the first time two issues. He claims his plea of guilty to one of the specifications of willful damage to private property was improvident. He also claims that the three specifications of wrongful use of marijuana were an unreasonable multiplication of charges for sentencing purposes. For the reasons stated herein, we affirm.

## I. Guilty Plea to Damaging Private Property

The appellant's wife left him and returned to live in their hometown in Maryland. Late one evening, the appellant decided to visit her unannounced. When he arrived at the house where she was living, he discovered a "friend's" car (a 1994 Ford Mustang) parked on the street adjacent to his wife's car (a 1991 Ford Escort). No one answered his knocks on the front door. The location was on a steep hill. The appellant decided to relieve his resulting frustration by putting the cars in neutral and releasing the parking brakes. The cars careened down the hill under the force of gravity until they collided with a hardware store that was across a street intersection at the base of the hill.

Both the appellant and his wife were registered owners of the Ford Escort. From this fact, the appellant argues that his plea was improvident because it is not a crime to intentionally damage one's own property. This argument ignores the obvious. The appellant's wife also owned the car. The position the appellant espouses would give any owner of property a license that would expose others with interests in that property to unacceptable risk of loss. We decline to join in this flight from rationality.

Nearly a half century ago, this Court held that ownership is an essential element of the offense of willfully and wrongfully damaging private property. *United States v. Rand,* 17 C.M.R. 893, 894, 1954 WL 2721 (A.F.B.R. 1954). Therein, we said:

Certainly, such is the demand of reason and logic, for it is elemental that one may treat or dispose of his own property in any manner he may deem fit, even to its utter destruction, **so long as he does not infringe upon the rights of others thereby** (cf. ACM 8037, *Freeman,* 15 C.M.R. 639, 1954 WL 2374 [(1954)]). No offense under Article 109 exists under those conditions and criminal responsibility arises only upon the commission of an act which unlawfully damages the property of another.

*Id.* (emphasis added) (parenthetical citation in original).

Our Army colleagues addressed the issue in a case involving destruction of an automobile subject to a lender's property interest. The Army Court said:

The term "property of another" imposes "criminal responsibility on a person who damages another's interest in property, regardless of whether ownership in the property is shared; a person does not have the right, by virtue of part ownership, to harm the interest of another person in that property."

*United States v. McDuffie,* 28 M.J. 869, 870 (A.C.M.R.1989) (quoting *People v. Jones,* 145 Ill.App.3d 835, 99 Ill.Dec. 636, 495 N.E.2d 1371, 1372 (3d Dist.1986)). We agree with our Army colleagues. *See State v. Zeien,* 505 N.W.2d 498 (Iowa 1993) (affirming conviction of husband who maliciously damaged property co-owned with wife); *State v. Superior Court,* 188 Ariz. 372, 936 P.2d 558 (1997) (reinstating criminal damage conviction where husband damaged home jointly owned with wife); *People v. Kahanic,* 196 Cal. App.3d 461, 241 Cal.Rptr. 722 (5th Dist.1987) (affirming conviction of wife who vandalized community property automobile); *People v.*

*Schneider*, 139 Ill.App.3d 222, 93 Ill.Dec. 712, 487 N.E.2d 379, 380 (5th Dist.1985) (assuming co-ownership of automobile, husband lacks right to harm wife's property interest); Victoria L. Lutz & Cara M. Bonomolo, *My Husband Just Trashed Our Home; What Do You Mean That's Not a Crime?*, 48 S.C. L.Rev. 641, 651 (1997) ("[W]hen a husband destroys property that he owns jointly with his wife, not only does he destroy his property, which he may have a right to destroy, but he simultaneously destroys his wife's undivided one hundred percent interest in the property, which he does not have a right to destroy."). *See also LaParle v. State*, 957 P.2d 330, 334 (Alaska Ct.App.1998) (" 'property of another' includes the undivided property rights of co-owners"). *But compare State v. Webb*, 64 Wash.App. 480, 824 P.2d 1257 (1992), *rev. denied*, 119 Wash.2d 1015, 833 P.2d 1389 (1992), *and People v. Brown*, 185 Misc.2d 326, 711 N.Y.S.2d 707 (N.Y.City Crim.Ct.2000), *with State v. Coria*, 105 Wash. App. 51, 17 P.3d 1278 (2001), and *People v. Person*, 239 A.D.2d 612, 658 N.Y.S.2d 372 (1997).

During the military judge's inquiry into the providence of the appellant's guilty plea, after the judge explained the elements of the offenses charged under Art. 109, UCMJ, the following exchange took place in discussing the appellant's actions in damaging the two cars:

> Military judge (MJ): Well what was your intention?
>
> Appellant (A): To destroy their cars, to get back at them because I was hurt and upset.
>
> MJ: But how did you know that this was her car?
>
> A: Because it was part mine also.
>
> MJ: Well whose was it? Was it hers or was it yours?
>
> A: We both had our names on the—it was more hers. They put mine on there for title purposes as far as coming out of state and everything, just to make things easier.
>
> MJ: But in your mind it was her vehicle?
>
> A: Yes, Your Honor.

When the appellant told the military judge that his wife had a property interest in the Ford Escort, he provided sufficient facts to satisfy the requirement that the property damaged was property of another. While there must be a factual predicate to support a guilty plea, "[t]he factual predicate is sufficiently established if 'the factual circumstances as revealed by the accused himself objectively support that plea.' " *United States v. Faircloth*, 45 M.J. 172, 174 (1996) (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980)). The appellant's admissions resolve the issue. The pleading was not irregular. None of the appellant's remarks sets up matter inconsistent with his plea. There is no support for his claim of improvidence. And, the record shows the appellant understood the meaning and effect of his guilty pleas. Article 45(a), UCMJ, 10 U.S.C. § 845(a).

To overturn a military judge's acceptance of a guilty plea, the record must show a substantial basis in law and fact for rejecting the plea. *Faircloth*, 45 M.J. at 174 (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991)). The record in this case provides no basis in either law or fact for rejecting the appellant's plea. We find the appellant's guilty plea provident.

## II. Unreasonable Multiplication of Charges

The appellant claims it is an unreasonable multiplication of charges for sentencing purposes for the government to create three specifications out of a continuing course of conduct for marijuana use. He asks us to merge the three specifications and order a new sentencing hearing. We decline to do so.

The doctrine of unreasonable multiplication of charges is taken from the Discussion for Rule for Courts–Martial (R.C.M.) 307(c)(4). That non-binding Discussion provides: "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." The United States Court of Appeals for the Armed Forces (CAAF) has recently suggested that this provision has the force of law. *See United States v. Quiroz*, 55 M.J. 334, 337 (2001). Deciding the issue of

whether there has been an unreasonable multiplication of charges is distinct from an analysis of whether charges are multiplicious. *Quiroz*, at 337–38. *See also* Lieutenant Colonel Michael J. Breslin, USAF, & Lieutenant Colonel LeEllen Coacher, USAF, *Multiplicity and Unreasonable Multiplication of Charges: A Guide to the Perplexed*, 45 A.F. L.Rev. 99, 110 (1998). While we need not descend into the purgatory of multiplicity case law analysis, it is important to not confuse the separate standards. Multiplicity "occurs only if a court, *contrary to the intent of Congress*, imposes multiple convictions and punishments under different statutes for the same act or course of conduct." *United States v. Teters*, 37 M.J. 370, 373 (C.M.A. 1993) (emphasis in original). Further, the question of unreasonable multiplication of charges only arises, if at all, where there is no multiplicity. *See Quiroz*, at 337; Breslin, *supra*, at 121. Our superior court said in *Quiroz*:

> [E]ven if offenses are not multiplicious as a matter of law with respect to double jeopardy concerns, the prohibition against unreasonable multiplication of charges has long provided courts-martial and reviewing authorities with a traditional legal standard—reasonableness—to address the consequences of an abuse of prosecutorial discretion in the context of the unique aspects of the military justice system.

*Quiroz*, at 338.

In this case, the appellant used marijuana on several different occasions. Each occasion was a separate transaction. Thus, it was permissible for the United States to charge and try him for each use separately, even if there were hundreds of such uses. *See Ebeling v. Morgan*, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915). The decision to charge in a single specification the majority of the appellant's uses of marijuana as having occurred on divers occasions over a period of time is a valid exercise of prosecutorial discretion and does not render the charging of two other uses in separate specifications improper. *See Ball v. United States*, 470 U.S. 856, 859, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985). Therefore, we need not reach the question of whether the charges in

this case are reasonable because the charged uses did not arise out of substantially one transaction. *See Quiroz*. No doubt the appellant's defense counsel did not raise the issue at trial because they understood that because each use of marijuana was a separate transaction, the military judge was without authority to act under R.C.M. 307(c)(4).

Moreover, the appellant waived consideration of this issue by his decision to not raise it at trial. *Cf. United States v. Lloyd*, 46 M.J. 19 (1997) (unconditional guilty plea waives multiplicity claims unless challenged offenses facially duplicative). In discussing the lower court's decision, the CAAF recognized our authority to apply waiver:

> Particularly in view of the extraordinary power of a Court of Criminal Appeals to "substitute its judgment" for that of the court-martial, the court below was well within its authority to determine the circumstances, if any, under which it would apply waiver or forfeiture to the type of error at issue in the present case.

*Quiroz*, at 338 (citations omitted).

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.