Today, the majority holds that, in Alabama, a spouse is free to damage or destroy marital property without fear of criminal sanctions. I cannot agree.
The majority cites no authority, and I have found none, that limits the application of Alabama's criminal mischief statutes to non-marital property. However, many courts across the country with similar statutes have concluded that the damaging or destruction of marital property by one spouse may be subject to criminal sanctions — some of those cases are based on definitions found in the statutes, and other cases are based on statutory construction and/or public-policy considerations. See, e.g.,Jackson v. United States, 819 A.2d 963 (D.C.App. 2003); Statev. Coria, 146 Wash.2d 631, 48 P.3d 980 (2002); Hughes v.State, 56 P.3d 1088 (Alaska Ct.App. 2002); Ginn v. State,251 Ga.App. 159, 553 S.E.2d 839 (2001); State v. Garber,125 Ohio App.3d 615, 709 N.E.2d 218 (1998); State v. Superior Court,188 Ariz. 372, 936 P.2d 558 (Ariz.Ct.App. 1997); State v. Sevelin,204 Wis.2d 127, 554 N.W.2d 521 (Ct.App. 1996); State v. Zeien,505 N.W.2d 498 (Iowa 1993); People v. Kahanic,196 Cal.App.3d 461, 241 Cal.Rptr. 722 (1987); and People v. Jones,145 Ill.App.3d 835, 99 Ill.Dec. 636, 495 N.E.2d 1371 (1986). But seeState v. Powels, 134 N.M. 118, 73 P.3d 256 (N.M.Ct.App. 2003); and People v. Person, 658 N.Y.S.2d 372, 239 A.D.2d 612
(N.Y.App.Div. 1997) (both holding that an accused cannot be convicted of damaging property in which he or she has an interest). *Page 306 
In Alabama "[a] person commits the crime of criminal mischief in the first degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property . . . [i]n an amount exceeding $1,000.00." § 13A-7-21(a)(1), Ala. Code 1975.[2] Ray Horn concedes that he intended to damage the 1996 Chrysler Sebring automobile and that the damage he caused to the automobile exceeded $1,000. However, he argues that he had a right to damage the automobile or, in the alternative, if he did not have such a right, he had a reasonable belief that he had such a right because, he says, he, if not the sole owner of the vehicle, owned an interest in the vehicle as marital property. The majority agrees and concludes that there was no theory of the evidence presented at trial from which the jury could have reasonably concluded that Horn did not have a right, or a reasonable ground to believe that he had such a right, to damage the vehicle.
"`In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.'" Ballenger v. State,720 So.2d 1033, 1034 (Ala.Crim.App. 1998), quoting Faircloth v. State,471 So.2d 485, 488 (Ala.Crim.App. 1984), aff'd, 471 So.2d 493
(Ala. 1985). "The role of appellate courts is not to say what the facts are. Our role . . . is to judge whether the evidence islegally sufficient to allow submission of an issue for decision [by] the jury." Ex parte Bankston, 358 So.2d 1040, 1042 (Ala. 1978).
Evidence was presented at trial indicating that the title of the vehicle was in Edwina's name, not Horn's. In Alabama, a certificate of title of a motor vehicle is prima facie evidence of ownership, although it is not conclusive evidence. See §32-8-39(d), Ala. Code 1975 ("A certificate of title issued by the [D]epartment [of Revenue] is prima facie evidence of the facts appearing in it."); Crowley v. State Farm Mut. Auto. Ins. Co.,591 So.2d 53, 55 (Ala. 1991) ("[A] certificate of title is not conclusive evidence of ownership, because ownership can be established by other evidence."); Auto-Owners Ins. Co. v.DeLude, 827 So.2d 806, 811 (Ala.Civ.App. 2001) ("In Alabama, a certificate of title to a motor vehicle establishes prima facie title in favor of the individual or the business whose name appears on the certificate."). The evidence of title alone was sufficient to allow the jury to conclude that Edwina was the sole owner of the vehicle and that, therefore, Horn had no interest in the vehicle and no right to damage the vehicle. See, e.g.,People v. Brown, 711 N.Y.S.2d 707, 715, 185 Misc.2d 326, 337
(Crim.Ct. 2000) (finding that defendant was guilty of criminal mischief for damaging a vehicle title of which was in the defendant's girlfriend's name, but which the defendant paid for, because the defendant knew that title was in his girlfriend's name and, thus, had "no right to destroy the car nor any reason to believe he had such a right . . . because no one contends that [the girlfriend] ever agreed, either expressly or by implication, that defendant could wreck the car").
The question then becomes whether there was any theory of the evidence from which the jury could have reasonably concluded that Horn had no reasonable *Page 307 
ground to believe that he had a right to damage the vehicle. In this regard, Horn argues that because the vehicle would be considered marital property upon divorce, see, e.g., Nichols v.Nichols, 824 So.2d 797, 802 (Ala.Civ.App. 2001) (noting that "marital property generally includes property purchased or otherwise accumulated by the parties during the marriage [and] . . . property acquired before the marriage or received by gift or inheritance during the marriage when it is used, or income from it is used, regularly for the common benefit of the parties during their marriage"), he "had an interest in the Sebring, and therefore, a right to damage it." (Horn's brief at p. 9.) However, whether Horn may have received the vehicle in some future divorce proceedings has no bearing on whether Horn had an interest in the vehicle at the time he damaged it. See, e.g.,Garber, 125 Ohio App.3d at 617-18, 709 N.E.2d at 219-20 ("What a domestic relations court may or may not do in the future has no bearing on what occurred at the time appellant criminally damaged the truck. . . . Any `marital interest' that could possibly be awarded to [the appellant] at some indefinite time in the futureif the parties might divorce, is irrelevant."). As noted above, there was evidence from which the jury could have concluded that Edwina was the sole owner of the vehicle and that, therefore, Horn had no interest in the vehicle at the time he damaged it.
Even assuming, however, that Horn had an interest in the vehicle by virtue of the fact that it was arguably purchased with Horn's funds and Horn was listed as the primary driver for insurance purposes, Edwina clearly also had an interest in the vehicle. I cannot say as a matter of law, as the majority does, that whatever interest Horn may have had in the vehicle gave him the right to infringe on the interest in the vehicle held by Edwina, or that a reasonable person would believe that such a right existed. See, e.g., Kahanic, 196 Cal.App.3d at 466,241 Cal.Rptr. at 725 ("The essence of the crime [of vandalism] is in the physical acts against the ownership interest of another, even though that ownership is less than exclusive."); Jones,145 Ill.App.3d at 837, 99 Ill.Dec. at 637, 495 N.E.2d at 1372 ("[A] person does not have the right, by virtue of part ownership, to harm the interest of another person in that property."). Even if Horn subjectively believed that he had a right to damage the vehicle, the reasonableness of that belief was a question for the jury not for this Court. See Adkison v. State, 548 So.2d 606,610 (Ala.Crim.App. 1988) ("The evidence as to whether the defendant had any reasonable ground to believe that he had a right to damage the property was properly submitted to the jury for their determination."). See also Hughes, 56 P.3d at 1094
("It is conceivable that, under certain circumstances, a spouse might reasonably believe that they were entitled to destroy or intentionally damage marital property — e.g., to accomplish the remodeling of a room, or to save life or property during a fire or other emergency. But this would be an issue of fact for the jury."); and People v. Kheyfets, 665 N.Y.S.2d 802, 805,174 Misc.2d 516, 521 (Sup.Ct. 1997) (in which the Court, in criticizing the decision in Person, supra, noted that "[w]hile the People have the burden of proving that a defendant's belief was not reasonable, this is a question of fact for the jury to decide" and that "[a] potential mistake of fact defense in this context should not be converted to an absolute defense resulting in dismissal of criminal mischief charges"). Based on the evidence presented, the jury in this case could have concluded that Horn had no reasonable ground to believe that he had a right to damage a vehicle in which both he and his wife had an interest. *Page 308 
The evidence was, in my view, sufficient to warrant sending the case to the jury. I cannot agree with the majority that because the property damaged was marital property, Horn was not criminally liable. Therefore, I respectfully dissent.
McMILLAN, P.J., concurs.
[2] Section 13A-7-21(a) was amended effective September 1, 2003. That amendment, among other things, raised the amount to $2,500.