**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAPHAIEL MOORE, | No. 19-55844 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-05039-ODW-KES |
| v. | |
| MARTIN BITER, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted November 16, 2020**
Pasadena, California

Before: RAWLINSON and HUNSAKER, Circuit Judges, and ENGLAND,***
Senior District Judge.

Petitioner appeals from the district court's dismissal of his petition for

habeas corpus, which challenged the constitutionality of his convictions for

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

carjacking under California Penal Code § 215(a). Petitioner contends he is entitled to habeas relief because the state courts unreasonably shifted the burden to him to prove he had an ownership interest in the subject car, unreasonably instructed the jury to that effect, and consequently allowed Petitioner to be convicted based on insufficient evidence. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

"[W]e review *de novo* the district court's decision to grant or deny a petition for a writ of habeas corpus." *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). "Because [Petitioner] filed his federal habeas petition after April 24, 1996, his petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), 28 U.S.C. § 2254." *Cheney v. Washington*, 614 F.3d 987, 993 (9th Cir. 2010). "An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner's arguments assume that the prosecution was required to prove as an element of the carjacking charges that he had *no* ownership right in the car. We disagree. California defines carjacking as follows:

> "Carjacking" is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear.

Cal. Penal Code § 215(a). Under the plain terms of this section, then, carjacking is a crime against possession as opposed to ownership. *See People v. Cabrera*, 152 Cal. App. 4th 695, 698 (2007). Accordingly, any hypothetical community property interest was irrelevant.

Petitioner's arguments to the contrary are unpersuasive. Although the model jury instructions at the time of his trial instructed that the prosecution must prove, among other things, that "[t]he defendant took a motor vehicle that was *not his own*," that phrase has since been omitted from the instructions. *See* Judicial Council of California Criminal Jury Instruction 1650, https://www.courts.ca.gov/partners/documents/CALCRIM_2020.pdf. Moreover, the cases that included the phrase "not his own" in the recitation of carjacking elements did not actually address the propriety of that language. *See People v. Walker*, No. D066545, 2015 WL 6157324, at *3 (Cal. Ct. App. Oct. 20, 2015);

3

*People v. Magallanes*, 173 Cal. App. 4th 529, 534 (2009); *People v. Navarro*, No. G051065, 2016 WL 1391301, at *2 (Cal. Ct. App. Apr. 7, 2016).  Finally, the argument that even a scintilla of an ownership interest in the car will foreclose a carjacking conviction runs contrary to California law.  *See People v. Kahanic*, 196 Cal. App. 3d 461, 463 (1987); *People v. Aguilera*, 244 Cal. App. 4th 489 (2016).  Accordingly, the state courts did not unreasonably shift the government's burden to Petitioner.  *In re Winship*, 397 U.S. 358, 364 (1970); *Patterson v. New York*, 432 U.S. 197, 207 (1977).

Even assuming Petitioner could indeed raise a community property defense to charges of carjacking, the state courts' resolution of Petitioner's sufficiency claim was still eminently reasonable because overwhelming evidence supported the conclusion that the car was "not Petitioner's own."  Given the complete dearth of evidence that Petitioner held any interest in the vehicle, the state courts also reasonably concluded that giving a community property instruction would have invited impermissible jury speculation.

AFFIRMED.

4