Filed 8/5/14  P. v. Doop CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER DOOP,<br><br>    Defendant and Appellant. | 2d Crim. No. B252089<br>(Super. Ct. No. BA411646)<br>(Los Angeles County) |

   An amended information charged Christopher Doop with one count of felony vandalism (Pen. Code, § 594, subd. (a))[1] and two counts of criminal threats (§ 422, subd. (a)).  The information further alleged that Doop was released from custody on bail or his own recognizance at the time of the offenses (§ 12022.1) and had suffered five prior convictions resulting in prison terms (§ 667.5, subd. (b)) and two prior strike convictions (§§ 667, subds. (a)(1), (b)-(i), 1170.12).[2]  Following a jury trial, Doop was convicted of the felony vandalism count and acquitted of the criminal threats counts.  He admitted the prior conviction allegations.

---

   [1] All statutory references are to the Penal Code unless otherwise stated.

   [2] The amended information on which Doop was arraigned alleged the two strikes only as to the criminal threats counts.  Following Doop's acquittal of those counts, the prosecution successfully moved the court to correct the information so that the two strike allegations applied to the felony vandalism count as well.

The trial court sentenced Doop to the high term of three years in state prison, run concurrently, with 237 days of presentence custody credit. The court dismissed the on-bail allegation (§ 1385, subd. (a)), struck the two strikes (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497), and struck additional punishment for the other prior convictions (§ 1385, subd. (c)). The court imposed a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), $540 in victim restitution (§ 1202.4, subd. (f)), a $280 restitution fine (§ 1202.4, subd. (b)), and a suspended $280 parole revocation restitution fine (§ 1202.45).

Doop and James McLean, a 76-year-old research curator at the Natural History Museum of Los Angeles County, were friends for about 25 years. They met when Doop was 19 or 20 years old. Over the years, Doop lived with McLean from time to time in McLean's home in the Hollywood Hills. Doop married Patricia Gault, and the two of them moved in with McLean in May 2012. About three years into the marriage, Doop and Gault's relationship soured, and Doop moved out in late April or early May 2014. Gault continued to live with McLean in his house.

During the next two weeks, Doop called McLean and visited him at his office two or three times. Doop demanded that McLean kick Gault out of the house and threatened to burn down her pickup truck. On May 19, 2013, Doop slashed the tires of Gault's truck. He told both the police and McLean that he did that because she had put sugar in the gas tank of his Mercedes.

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On May 6, 2014, we notified Doop that he had 30 days in which to advise us of any claims he wished us to consider. He submitted a two-page letter brief.

Doop contends that he could not have been found guilty of vandalizing Gault's truck because he purchased it for her. To the contrary, California courts have repeatedly held that "a spouse can be guilty of vandalizing community property."[3]

---

[3] Less clear is whether a spouse can be held criminally liable for the entire cost of the damage or only that portion attributable to the other spouse's share. The question

2

(*People v. Wallace* (2004) 123 Cal.App.4th 144, 150-151; see also *People v. Kahanic* (1987) 196 Cal.App.3d 461, 466-467.)

Doop also claims that he was entrapped because Gault invited him over to have sex, and when he showed up a few days later after she had secured a restraining order, he was arrested. However, Doop was not prosecuted in this proceeding for violating the restraining order, and he does not argue that his vandalism conviction was the result of entrapment. Insofar as Doop claims that he received ineffective assistance of counsel, such a claim is more appropriately brought in a habeas proceeding when, as here, the appellate record on direct appeal is insufficient to evaluate it. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Having examined the entire record, counsel's *Wende* brief and Doop's letter brief, we are satisfied appointed counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:



GILBERT, P. J.



YEGAN, J.

---

may be more than academic here. The trial court found that the damage to the truck was $540, not much more than the $400 felony threshold (§ 594, subd. (b)), and observed that the crime was "essentially . . . a misdemeanor." There is nothing in the record, however, from which we could determine whether and to what extent Gault's truck *was* community property. Therefore, even if the truck's status as community property could entitle Doop to a reduction in sentence—an issue we need not decide today—he would first have to create a record in the trial court regarding the vehicle's ownership. The same is true to the extent Doop contends that the truck was his separate property.

3

Frederick N. Wapner, Judge

Superior Court County of Los Angeles
_____


Cynthia Grimm, under appointment by the Court of Appeal; Christopher Doop, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.